IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH VINCENT SATISH  )
KUMAR PUTTI,     )
            )
   Petitioner,    )
            )
  v.         )  3:26cv1075
            )  **Electronic Filing**
LEONARD ODDO,    )
WARDEN, MOSHANNON VALLEY )
PROCESSING CENTER,   )
            )
   Respondent.   )

## <u>MEMORANDUM OPINION</u>

Joseph Vincent Satish Kumar Putti ("petitioner") is an immigrant detainee presently held in Moshannon Valley Processing Center. Petitioner is a citizen of India. He entered the country as a nonimmigrant exchange visitor on November 2, 2018, with authorization to remain in the United States for a temporary period not to exceed the duration of his admission status. His status was terminated on November 13, 2018, and petitioner thereafter has remained in the United States. The Department of Homeland Security ("respondents") detained petitioner on March 2, 2026, following his arrest for traffic violations by the Monroeville Police. On that same date removal proceedings were commenced against him as a nonimmigrant who overstayed his lawful admission status and as an admitted alien who was deportable. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending among other things that his detention has become "unconstitutionally prolonged," unreasonably delayed, is mandatory under <u>Matter of</u>

Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and no longer serves a legitimate immigration purpose.

The government maintains that petitioner "is lawfully detained pursuant to 8 U.S.C. § 1226(a)." Gov. Response in Opposition (Doc. No. 5) at p. 1. It notes that petitioner is permitted by statue to request a bond hearing, but he has not done so. Further, the process that is available to petitioner has been recognized as "meaningful" and held to be constitutionally adequate in Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274 (3d Cir. 2018). So from the government's perspective, petitioner's failure to exhaust his administrative remedies before filing in this court warrants denial of the writ; and pursuant to Khalil v. President, United States of America, 164 F.4th 259 (3d Cir. 2026), this court purportedly lacks jurisdiction to adjudicate any legal of factual questions that can be presented to the Third Circuit in a petition for review in any event.

The court's jurisdiction pursuant to a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is narrow. "The Supreme Court has held that § 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings." Bystron v. Hoover, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis, 533 U.S. 678 (2001)). In this regard "a habeas petition under § 2241 is the proper vehicle for an inmate to challenge the fact or length of confinement, or the execution of his confinement." Id. (internal quotation marks and citations omitted). Consistent with this authority, a district court "may issue a writ of habeas corpus when a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." Id. (internal quotation marks omitted); 28 U.S.C. § 2241(c)(3). So the court can only grant relief and issue a

2

Section 2241 writ where the petitioner sufficiently has demonstrated that he or she is held in violation of the Constitution or laws of the United States.

Petitioner has not made such a showing.  He has not advanced any grounds to believe he is being held in custody pursuant to 8 U.S.C. 1225(b)(2) and/or the Department of Homeland Security's recent efforts to enforce the Executive Orders of April of 2025.  To the contrary, petitioner admits that he was admitted into the United States in 2018 for an internship and then overstayed his visa after the company terminated him.  Petitioner's Reply (Doc. No. 6) at p.2

Moreover, petitioner has not demonstrated that his administrative remedies have been exhausted or he should otherwise be excused from doing so.  Although Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition.  Cf. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.") (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981) (*per curiam*); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir.1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987)); see also Callwood v. Enos, 230 F.3d 627, 643 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241.").

Because the statute does not require administrative exhaustion, satisfaction of it is not mandatory in this context, but prudential; and it may be excused in certain situations.  Gonzales v. Oddo, et al., 2026WL797423 (W.D. Pa. March 23, 2026) (Kelly, M.J.) (citing Chajchic v. Rowley, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), report and

3

recommendation adopted, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017)).  One well recognized basis for excusing exhaustion is where it would be futile for the petitioner to pursue such relief. Id. (citing Duvall v. Elwood, 336 F.3d 228, 234 (3d Cir. 2003) ("where exhaustion is not clearly mandated by statute, a futility exception exists.").  Another is where the issues presented are matters exclusively involving statutory construction.  Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012).

Here, by petitioner's own account he has not exhausted his administrative remedies.  In his immigration proceeding, the Immigration Judge advised him that he could ask for a bond hearing pursuant to 8 U.S.C. § 1226(a).  Petitioner's Reply (Doc. No. 6) at p. 3.  Petitioner just did not understand that what the judge was referring to was a "custody redetermination (bond hearing)."  Id.  So petitioner researched the matter and then submitted the information to this court.  Id.  That approach will not suffice because there can be no dispute that as an admitted alien petitioner's detention is governed by 8 U.S.C. § 1226(a) and there is no evidence that respondents have denied petitioner the ability to seek relief pursuant to the longstanding regulations and practices governing such hearings.  Consequently, the court cannot say that petitioner's need to exhaust his administrative remedies should be excused or pursuing them would be futile.

What's more, petitioner's admitted failure to exhaust administrative remedies gives rise to a more fundamental defect in his petition.  That is, he has not shown that he is being held in violation of the Constitution or laws of the United States.  He has not shown he is being held pursuant to an illegal policy and his detention has been relatively short at this juncture.  As a result, the current record does not supply a basis for issuing the writ petitioner seeks.

4

Consequently, the petition for writ of habeas corpus will be denied without prejudice and the case will be dismissed.

Date: July 31, 2026

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     David Lew, AUSA

        (*Via CM/ECF Electronic Mail*)

cc:     Joseph Vincent Satish Kumar Putti
        A231876926
        Moshannon Valley Processing Center
        555 Geo Drive
        Philipsburg, PA 16866

        (*Via First Class Mail*)